## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ANNA KATIE CULP,            )
                                    )
           Plaintiff,         )
                                    )
v.                                    )      Case No. CIV-19-424-PRW
                                    )
JIM REYNOLDS, in his         )
official capacity as Cleveland County   )
Treasurer,                        )
                                    )
           Defendant.     )

## ORDER

Before the Court is Defendant Jim Reynolds' motion to dismiss Plaintiff's Amended Complaint (Dkt. 18) for failure to state a claim upon which relief can be granted. The background of this case is laid out in the Court's previous order granting Defendant's motion to dismiss (Dkt. 16). The Court dismissed the claims without prejudice to refiling, and Plaintiff filed an amended complaint (Dkt. 18). Defendant again requests the Court to dismiss Plaintiff's claims, and for the reasons outlined below, the motion is granted in part and denied in part.

### *Standard of Review*

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[1] While a complaint need not recite "detailed factual allegations,"

---

[1] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver,* 101 F.3d 1344, 1352 (10th Cir.1996)).

"a plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[2] The pleaded facts must establish that the claim is plausible.[3]

## *Analysis*

### *Retaliation*

Defendant seeks dismissal of Plaintiff's Title VII retaliation claim related to her reporting of alleged harassment by Brandon Jones and Kim Jones.[4] Title VII makes it "an unlawful employment practice for an employer to discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."[5]

To establish a prima facie case of retaliation,[6] Plaintiff must show (1) she engaged in protected activity under Title VII, (2) Defendant Reynolds took an adverse employment action against her,[7] and (3) a causal connection exists between the protected activity and

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).

[3] *Id.*

[4] Mot. to Dismiss Pl.'s Am. Compl. & Supp. Br. (Dkt. 18) at 3–12.

[5] 42 U.S.C. § 2000e—3(a).

[6] At this early stage of the case, Plaintiff need not make out a prima facie case of discrimination. *See Bekkem v. Wilkie*, 915 F.3d 1258, 1274–75 (10th Cir. 2019).

[7] *See Braxton v. Nortek Air Sols., LLC*, 769 F. App'x 600, 605–06 (10th Cir. 2019) (quoting *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 68 (2006)) ("For a retaliation claim

the adverse action.[8] To satisfy the causation element "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer."[9] This equates to proof of "'circumstances that justify an inference of retaliatory motive.'"[10]

The Tenth Circuit explains how the failure to state a claim standard of Fed. R. Civ. P. 12(b)(6) applies to a Title VII retaliation claim:

> A complaint raising a claim of discrimination does not need to conclusively establish a prima facie case of discrimination, but it must contain more than " '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' "[11] "While we do not mandate the pleading of any specific facts in particular," a plaintiff must include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides "sheer speculation."[12] "[A] plaintiff should have"—and must plead—"at least some relevant information to make the claims plausible on their face."[13] . . . "Pleadings that do not allow for at least a reasonable inference of the legally relevant facts are insufficient."[14][15]

---

under Title VII, an adverse employment action is something that would have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'").

[8] *Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir. 2004).

[9] *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

[10] *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014) (quoting *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1091 (10th Cir. 2007)).

[11] *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[12] *Id.* at 1194.

[13] *Id.* at 1193.

[14] *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1236 (10th Cir. 2013) (internal quotation marks omitted).

[15] *Bekkem*, 915 F.3d at 1274–75.

### 1. Retaliation based on reporting conduct of Brandon Jones

First, Defendant argues that Plaintiff fails to state a claim for retaliation related to Brandon Jones' alleged harassment of her coworker because this incident involved no conduct protected by Title VII.[16] According to Defendant, not only was Plaintiff not present during the alleged sexual assault, but it "occurred outside the office and after an office-sanctioned party had concluded."[17]

Defendant further asserts that Plaintiff fails to state a retaliation claim because it is undisputed that Brandon Jones is not a Treasurer's Office employee.[18] And although Plaintiff "now conveniently claims that Brandon Jones was a 'co-worker' even though she further states that he worked for a completely separate division of the county," Defendant argues this is insufficient to establish liability.[19] Defendant also points out that the amended complaint does not contain an allegation that Defendant had any supervisory authority or control over Brandon Jones, but instead that Brandon Jones worked for "a completely different and separately-elected County official, Commissioner Haralson."[20]

Defendant continues that "Plaintiff's allegation that she was engaging in protected activity by encouraging the victim in reporting the incident to Treasurer Reynolds so that he could help safeguard the victim from future harassment" fails to state a claim because

---

[16] Mot. to Dismiss Pl.'s Am. Compl. & Supp. Br. (Dkt. 18) at 4–5.

[17] *Id.* at 4.

[18] *Id.* at 5.

[19] *Id.*

[20] *Id.*

"[t]his generalized possibility of future harassment in the workplace is speculative . . . ."[21] Finally, Defendant contends that the amended complaint lacks a factual allegation or insinuation that Defendant's decision to terminate Plaintiff was motivated by her sex.[22]

Plaintiff responds that she has stated a retaliation claim because "assisting the victim in reporting her sexual assault at a work-related function by the husband of a coworker to law enforcement and her employer with the aim of preventing sexual harassment and assault in the workplace in the future" constitutes protected opposition to discrimination.[23] She continues:

> [I]t is plausible that Culp and the victim reasonably believed that Brandon's actions violated the victim's right to be free from sexual harassment and assault. It is further plausible that Culp addressed the issue in the workplace because the sexual assault was sufficiently related to the workplace to cause her to believe that, if not addressed by the employer, the actions would likely rise to the level of a hostile work environment. Indeed, but for Culp's actions, the victim could very well have been assaulted at work by Brandon, who was likely to appear at work because he was a co-worker's husband and fellow employee of Cleveland County. But Culp acted to prevent this. And Title VII protects such actions.[24]

Plaintiff also explains that to be protected by Title VII, she need not have complained on her own behalf or prove an actual violation of Title VII.[25] And here, Plaintiff

---

[21] *Id.* at 6.

[22] *Id.*

[23] Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss Am. Compl. (Dkt. 19) at 9.

[24] *Id.* at 10–11.

[25] *Id.* at 11.

argues, "there can be no doubt that the underlying behavior" could have escalated to a violation based on Brandon's close connection to the workplace.[26]

Upon a review of the complaint and viewing all well-pleaded facts as true and in the light most favorable to Plaintiff, the Court finds that dismissal is inappropriate. The amended complaint alleges that Brandon Jones is a coworker of both Plaintiff and the victim,[27] and that Plaintiff reported Brandon Jones' misconduct to Defendant Reynolds due to her belief that it would protect the victim from further sexual assaults in the workplace by coworker Brandon Jones.[28] Thus, although it is unclear whether Defendant Reynolds in fact violated Title VII, the alleged facts demonstrate a reasonable good faith belief by Plaintiff that she was engaging in a protected action under Title VII.[29] Moreover, the remaining allegations provide context and detail to link Plaintiff's termination to a retaliatory motive by Defendant Reynolds. Prior to her report to Defendant Reynolds, Plaintiff contends that she was never disciplined in the workplace.[30] But then at a time after her report, Plaintiff alleges that Defendant Reynolds became upset with her and accused

---

[26] *Id*. at 12.

[27] Am. Compl. (Dkt. 17) at 3.

[28] *Id*. at 4.

[29] *Crumpacker v. Kansas Dep't of Human Res*., 338 F.3d 1163, 1171 (10th Cir. 2003). The Court notes that it is unclear in the amended complaint how close Brandon Jones worked with Plaintiff and the victim. Plaintiff alleges he was a coworker, but also explains that he worked in a different agency and had a different supervisor. Moreover, the incident happened at a bar in a gathering of people who had just come from a workplace event. Viewing the allegations as true and in the light most favorable to Plaintiff, she plausibly had a reasonable good faith belief that she was reporting conduct that fell under Title VII to Defendant Reynolds.

[30] Am. Compl. (Dkt. 17) at 2.

her of telling the office about the assault.[31] The amended complaint also alleges that Defendant Reynolds reprimanded Plaintiff and told her that her behavior would not be tolerated.[32] These circumstances justify an inference of retaliatory motive, so Plaintiff accordingly states a retaliation claim upon which relief can be granted based on her report of Brandon Jones' misconduct.

### 2. Retaliation based on reporting conduct of Kim Jones

Second, Defendant argues that Plaintiff fails to state a claim for retaliation related to Kim Jones' alleged sex-based harassment of Plaintiff and her coworker.[33] In Defendant's view, Plaintiff has pleaded insufficient facts to show she engaged in protected activity and to establish a causal connection between her termination and a protected activity.[34] In support of this argument, Defendant points to the elements of a sex-based harassment claim.[35] "To establish [that] a sexually hostile work environment existed, a plaintiff must prove the following elements: (1) she is a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on sex; and (4) [due to the harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment."[36]

---

[31] *Id*. at 4.

[32] *Id*. at 5.

[33] Mot. to Dismiss Pl.'s Am. Compl. & Supp. Br. (Dkt. 18) at 6–12.

[34] *Id*.

[35] *Id*. at 6–10.

[36] *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007) (internal citation omitted).

Defendant Reynolds concedes that Plaintiff is a member of a protected group,[37] but he argues that the allegations do not demonstrate that Plaintiff was the victim of sexual harassment by Kim Jones, nor that the alleged harassment occurred because of her sex or gender.[38]

Defendant continues that even if the amended complaint sufficiently pleads that Plaintiff engaged in a protected activity, dismissal is still appropriate because it "fails to allege any facts which indicate that Reynolds terminated Plaintiff's employment in July of 2017 because she complained of purported sexual harassment by a co-worker."[39] "At most, she offers that she 'reasonably believed' that Reynolds was adopting and supporting Kim Jones' behavior by not disciplining Kim Jones," and "[t]he only allegations suggesting any retaliatory intent or motive are her own conclusory beliefs . . . ."[40]

Plaintiff responds that the harassment by Kim Jones was severe, but even if it wasn't, she doesn't have to wait until harassment is severe to claim the protections of Title VII.[41] Plaintiff continues that she has

> sufficiently alleged that the harassment was based on Culp's protected opposition, based on her allegation that Kim alleged that the victim would never have come forward, but for Culp's involvement and that Kim threatened that if Culp and the victim didn't shut their mouths, Kim would shut them. Culp has also sufficiently alleged that she reasonably believed Kim's harassment was based on Culp's and the victim's gender, based on the

---

[37] Mot. to Dismiss Pl.'s Am. Compl. & Supp. Br. (Dkt. 18) at 9.

[38] *Id*. at 10.

[39] *Id*. at 11.

[40] *Id*.

[41] Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss Am. Compl. (Dkt. 19) at 14.

allegation that Kim stated that she knew what kind of girls that Culp and the victim were and that they would be found out.[42]

Plaintiff argues that Kim Jones' comment that she "knew what kind of girls Culp and the victim were" can be reasonably interpreted to reflect discriminatory animus towards women with "loose sexual morals"[43] and their "failure to conform with gender stereotypes that expect women to hold stricter morals than men."[44] Finally, Plaintiff asserts that she need not allege anything more for causation because she "alleged that all of Kim's and Reynolds's behavior derived from her protected opposition to the initial sexual harassment of the victim and from Culp's complaints about Kim's gender-based harassment."[45]

The Court finds Plaintiff fails to state a retaliation claim as it relates to the alleged sexual harassment by coworker Kim Jones because the factual allegations do not allow for a reasonable inference of the legally relevant facts. The amended complaint states that Kim "was openly hostile to Culp, alleging that the victim never would have come forward without Culp's influence;"[46] Kim would leave, upset and angry, if Plaintiff or the victim went near her desk or the breakroom when Kim was in it;[47] Kim told Plaintiff and the victim to keep their mouths shut or she would shut them;[48] Kim threatened Plaintiff with

---

[42] *Id.* at 14–15.

[43] *Id.* at 15.

[44] *Id.* at 15–16.

[45] *Id.* at 17.

[46] Am. Compl. (Dkt. 17) at 4.

[47] *Id.*

[48] *Id.* at 5.

violence;[49] and Kim said that she "knew what kind of girls Culp and the victim were and that they would be found out."[50] The amended complaint also asserts in a conclusory manner that "Culp reasonably believed that these statements were motivated by Culp's and the victim's gender and Kim's beliefs about proper adherence to gender stereotypes."[51] It further asserts that "Kim continued to subject the victim to harassment."[52] These allegations are vague and conclusory, and the amended complaint lacks any factual allegations that provide insight into how Kim Jones' alleged harassment was based on gender or sex. Indeed, the facts and inferences accepted as true and viewed in the light most favorable to Plaintiff still support the conclusion that any harassment by Kim Jones was not based on the sex of Plaintiff or the victim, but instead because they were involved with her husband's indiscretion and its dissemination into office chatter. The amended complaint's allegation that Kim made a statement about "girls" does not transform her actions into sex-based harassment. Accordingly, Plaintiff fails to state a retaliation claim upon which relief can be granted, so this claim is dismissed with prejudice.

### *Public Policy Tort*

Finally, Defendant Reynolds again argues Plaintiff's *Burk* tort claim must be dismissed because an actionable public policy *Burk* claim cannot be based upon the cited

---

[49] *Id.* at 6.

[50] *Id.* at 4.

[51] *Id.* at 4–5.

[52] *Id.* at 5.

statutes that allegedly led to her termination.[53] To state a *Burk* tort claim, Plaintiff must allege in part that her termination was "in significant part for a reason that violates an Oklahoma public policy goal [] that is found in Oklahoma's constitutional, statutory, or decisional law . . . ."[54] Plaintiff's second cause of action in the amended complaint is virtually identical to that in the original complaint[55] that the Court previously dismissed for failure to state a claim.[56] The Court remains unaware of any Oklahoma precedent recognizing the use of the cited criminal statutes as a basis from which to derive actionable public policy for a *Burk* claim, nor does it discern a clear and compelling public policy from these statutes that would give rise to such a claim.[57] As a result, Plaintiff's *Burk* tort claim based public policy underlying 21 O.S. §§ 267, 455, 540, and 546 still fails to state a claim upon which relief can be granted.

In her response, Plaintiff argues for the first time that she "may base her public-policy tort for wrongful discharge on her involvement in reporting sexual battery and

---

[53] Mot. to Dismiss Pl.'s Am. Compl. & Supp. Br. (Dkt. 18) at 12.

[54] *Moore v. Warr Acres Nursing Ctr.*, LLC, 2016 OK 28, ¶ 19, 376 P.3d 894, 899–900 (quoting *Vasek v. Board of County Commissioners*, 2008 OK 35, ¶¶ 27–28, 186 P.3d 928).

[55] The original complaint only includes one additional paragraph. *See* Compl. (Dkt. 1) at 8 ("38. Oklahoma public policy also condemns harassment based on sex. *See* 25 O.S. § 1350.").

[56] *See* Order (Dkt. 16).

[57] The Court further adopts its reasoning in the first order on Defendant's motion to dismiss. *See id*. at 10–17.

indecent exposure against a friend and coworker."[58] She concedes that she did not previously invoke these statutes, but nevertheless contends that she

> has sufficiently incorporated these statutes as a basis for her public-policy tort by citing the criminal prosecution of Brandon Jones in McClain County Case No. CJ-2017-212 at footnote 2 on page 3 of her complaint, in which the State of Oklahoma charged Brandon Jones for violating (1) 21 O.S. § 1123(B) for sexual battery on information that he "intentionally pulled down [the victim's] shirt, fondled and kissed her breast, and put his hand down the pants of [the victim] . . . in a lewd and lascivious manner and without consent" and (2) 21 O.S. § 1021(A)(1) for indecent exposure on information that he "willfully, knowingly, and lewdly expos[ed] his penis to [the victim]."[59]

The Court disagrees that citing the state case in a footnote in the fact section of the amended complaint was enough to put Defendant Reynolds on fair notice the basis of her claim, when her second cause of action clearly articulates that the claim is based on 21 O.S. §§ 267, 455, 540, and 546,[60] rather than the statutes she invokes in her response to the motion to dismiss. Viewing the allegations as true and in the light most favorable to Plaintiff, the Court finds that Plaintiff's *Burk* tort claim must be dismissed with prejudice because amendment to specifically invoke the belatedly-invoked statutes would be futile, as the Court is unaware of any state court precedent recognizing a *Burk* tort claim based on those statutes.

---

[58] Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss Am. Compl. (Dkt. 19) at 18.

[59] *Id.* at 19.

[60] Am. Compl. (Dkt. 17) at 8. Although not relevant to this analysis, the Court notes that this footnote was also in the original complaint, and Plaintiff made no argument in the motion to dismiss briefing that its inclusion incorporated the sexual battery and indecent exposure statutes into her public policy tort claim.

*Conclusion*

The motion (Dkt. 18) is therefore **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's retaliation claim based on reporting the conduct of Kim Jones and public policy tort claim are **DISMISSED** with prejudice. Plaintiff's retaliation claim based on reporting the conduct of Brandon Jones is **DENIED**.

**IT IS SO ORDERED this 13th day of July, 2020.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE